IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY and PRINCETON INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiffs, | Case No. 3:23-cv-235 |
| v. | |
| LAUREL PEDIATRIC ASSOCIATES, INC., JOHNSTOWN PEDIATRIC ASSOCIATES, INC., and JOHNNIE W. BARTO, M.D., | |
| Defendants. | |

**MOTION FOR DEFAULT JUDGMENT AS TO JOHNNIE W. BARTO, M.D.**

Plaintiffs, The Medical Protective Company ("MedPro") and Princeton Insurance Company ("Princeton"), by and through their counsel, Houston Harbaugh, P.C., hereby file the within Motion for Default Judgment as to Johnnie W. Barto, M.D.

MedPro and Princeton hereby move for default judgment as to Dr. Barto pursuant to Federal Rule of Civil Procedure 55(b)(2), and request that this Court enter declarations that neither MedPro nor Princeton has a duty to defend or indemnify Dr. Barto in relation to the claims set forth against him in the lawsuit captioned *Jane KW Doe, et al. v. Laurel Pediatric Associates, Inc., et al.*, filed at Case No. 2019-2172 in the Court of Common Pleas of Cambria County, Pennsylvania ("the Underlying Action").

The Underlying Action arises out of claims that Dr. Barto, a former pediatrician, sexually abused his pediatric patients between 1990 and 2018. MedPro and Princeton have been defending Dr. Barto in the Underlying Action under a full reservation of rights, and pursuant to a series of medical professional liability policies under which he is insured.

Dr. Barto is currently in default given his failure to respond to a summons and complaint that was personally served upon him by the Wayne County Sheriff on October 20, 2023, and the clerk has already entered a default pursuant to Rule 55(a). Doc. 29.

This Court has personal jurisdiction over Dr. Barto given his domicile in Pennsylvania, and because all of his actions and all occurrences giving rise to this action occurred in Pennsylvania. This Court has subject-matter jurisdiction over this matter because all Plaintiffs are completely diverse from all Defendants, and the amount in controversy exceeds $75,000. Finally, the exercise of jurisdiction under the Declaratory Judgment Act is proper because there are no parallel state-court proceedings to which this Court might defer.

MedPro and Princeton have pled legitimate causes of action against Dr. Barto, as they owe no duty to defend or indemnify him for several distinct reasons. *First*, Dr. Barto cannot meet his burden of proving that the claims against him satisfy the requirements of the insuring agreements in any of the policies issued by MedPro and Princeton, each of which covers only those claims based on the rendering of, or failure to render, professional services. A pediatrician's sexual abuse of his patients does not constitute "professional services." *Second*, exclusions in the policies issued by MedPro and Princeton bar coverage for damages in consequence of or resulting from criminal acts, willful torts, and/or sexual acts. The claims against Dr. Barto are in consequence of and the result of his indisputably criminal and intentional sexual abuse. *Finally*, Pennsylvania public policy prohibits any insurance coverage for acts of sexual abuse against children.

Default judgment against Dr. Barto is proper because his failure to respond to a Complaint that was properly served upon him, and without justification, prejudices MedPro and Princeton by compelling them to defend him in the Underlying Action while under no obligation to do so, and

leaves them with no other recourse. Dr. Barto has no viable or litigable defense to the claims against him in this action.

For these reasons, and the reasons more fully discussed in MedPro and Princeton's Brief in Support of Motion for Default Judgment as to Johnnie W. Barto, M.D., which is incorporated as if fully set forth herein, this Court should enter default judgment against Dr. Barto.

The undersigned has been unable to discuss this Motion with Dr. Barto given his failure to appear.

WHEREFORE, MedPro and Princeton hereby request that this Honorable Court grant their Motion for Default Judgment as to Johnnie W. Barto, M.D., enter default judgment in their favor as to Johnnie W. Barto, and enter the following declarations: 1) that MedPro does not owe Dr. Barto any duty to defend or any duty to indemnify with respect to the claims set forth against him in the Underlying Action; and 2) that Princeton does not owe Dr. Barto any duty to defend or any duty to indemnify with respect to the claims set forth against him in the Underlying Action

        Respectfully submitted,

        Houston Harbaugh, P.C.

        /s/ R. Brandon McCullough
        R. Brandon McCullough, Esq.
        Christopher M. Jacobs, Esq.
        Jason H. Peck, Esq.

        Houston Harbaugh, P.C
        Three Gateway Center
        401 Liberty Avenue, 22nd Floor
        Pittsburgh, PA 15222
        (412) 281-5060
        mcculloughb@hh-law.com
        jacobscm@hh-law.com
        peckjh@hh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT AS TO JOHNNIE W. BARTO, M.D.** was electronically filed and is available for viewing and downloading from the ECF system and was sent to all parties and counsel of record this 27TH day of February 2024, via electronic service through the ECF system and/or U.S. Mail as follows:

**Via ECF Service:**
Edward I. Levicoff, Esquire
The Levicoff Law Firm. P.C.
4 PPG Place, Suite 200
Pittsburgh, PA 15222
ELevicoff@LevicoffLaw.com
*(Counsel for Defendant Laurel Pediatric Associates, Inc.)*

**Via U.S. Mail:**
Johnstown Pediatric Associates, Inc.
c/o Joseph Sheridan, M.D.
209 W. Seaspray Road
Ocean City, NJ 08226

**Via U.S. Mail:**
Smart Communications/PADOC
Johnnie W. Barto, M.D., Inmate #NU4531
P.O. Box 33028
St. Petersburg, FL 33733

Houston Harbaugh, P.C.

 /s/ R. Brandon McCullough
R. Brandon McCullough, Esq.
Christopher M. Jacobs, Esq.
Jason H. Peck, Esq.

Houston Harbaugh, P.C
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222

(412) 281-5060