IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY and PRINCETON INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiffs, | Case No. 3:23-cv-235 |
| v. | |
| LAUREL PEDIATRIC ASSOCIATES, INC., JOHNSTOWN PEDIATRIC ASSOCIATES, INC., and JOHNNIE W. BARTO, M.D., | |
| Defendants. | |

## MOTION FOR DEFAULT JUDGMENT AS TO JOHNSTOWN PEDIATRIC ASSOCIATES, INC.

Plaintiff, Princeton Insurance Company ("Princeton"), by and through its counsel, Houston Harbaugh, P.C., hereby files the within Motion for Default Judgment as to Johnstown Pediatric Associates, Inc. ("Johnstown Pediatric").

Princeton hereby moves for default judgment as to Johnstown Pediatric pursuant to Federal Rule of Civil Procedure 55(b)(2), and requests that this Court declare that it does not have a duty to defend or indemnify Johnstown Pediatric in relation to the claims set forth in the lawsuit captioned *Jane KW Doe, et al. v. Laurel Pediatric Associates, Inc., et al.*, filed at Case No. 2019-2172 in the Court of Common Pleas of Cambria County, Pennsylvania ("the Underlying Action").

The Underlying Action arises out of claims that Dr. Barto, a former pediatrician and employee of Johnstown Pediatric, sexually abused his pediatric patients between 1990 and 2018. The underlying plaintiffs allege that Johnstown Pediatric is vicariously liable for Dr. Barto's sexual abuse, and that it failed to prevent such sexual abuse and thereafter concealed it. Princeton has

been defending Johnstown Pediatric in the Underlying Action under a full reservation of rights, and pursuant to a series of medical professional liability policies it issued to Johnstown Pediatric.

Johnstown Pediatric is currently in default given its failure to respond to a summons and complaint that was personally served upon Joseph Sheridan, M.D., as Johnstown Pediatric's President, on November 30, 2023. Exhs. 1-2. Dr. Sheridan's correspondence dated January 31, 2024 does not defeat this default because it is neither a motion to dismiss nor a responsive pleading, either of which must be filed in response to a complaint. In any case, Johnstown Pediatric, as a corporation, must be represented by counsel and may not proceed *pro se*, meaning that Dr. Sheridan has no authority to respond to the complaint on behalf of Johnstown Pediatric. The clerk has already entered a default pursuant to Rule 55(a). Doc. 30.

This Court has personal jurisdiction over Johnstown Pediatric given its incorporation within Pennsylvania, and because all of its conduct and all occurrences giving rise to this action occurred in Pennsylvania. This Court has subject-matter jurisdiction over this matter because all Plaintiffs are completely diverse from all Defendants, and the amount in controversy exceeds $75,000. Finally, the exercise of jurisdiction under the Declaratory Judgment Act is proper because there are no parallel state-court proceedings to which this Court might defer.

Princeton has pled legitimate causes of action against Johnstown Pediatric, as it does not owe any duty to defend or indemnify Johnstown Pediatric for several distinct reasons. **First**, Johnstown Pediatric cannot meet its burden of proving that the claims against it satisfy the requirements of the insuring agreements in any of the policies issued by Princeton, each of which covers only those claims based on the supply of, or failure to supply, professional services. Sexual abuse perpetrated under the guise of medical treatment, and a third party's failure to prevent such sexual abuse, does not constitute "professional services" under the insuring agreement of the

2

policies issued by Princeton. ***Second***, exclusions in the policies issued by Princeton bar coverage for injury resulting from criminal acts. The claims against Johnstown Pediatric are the result of Dr. Barto's indisputably criminal sexual abuse of his pediatric patients.

Default judgment against Johnstown Pediatric is proper because its failure to respond to a Complaint that was properly served upon it, and without justification, prejudices Princeton by compelling Princeton to defend Johnstown Pediatric in the Underlying Action while under no obligation to do so, and leaves Princeton with no other recourse. Johnstown Pediatric has no viable or litigable defense to the claims against him in this action, and, contrary to its suggestions in Dr. Sheridan's January 31, 2024 correspondence, Johnstown Pediatric is still in existence. Exh. 3.

For these reasons, and the reasons more fully discussed in Princeton's Brief in Support of Motion for Default Judgment as to Johnstown Pediatric Associates, Inc., which is incorporated as if fully set forth herein, this Court should enter default judgment against Johnstown Pediatric.

The undersigned has been unable to discuss this Motion with Johnstown Pediatric given its failure to appear.

WHEREFORE, Princeton hereby requests that this Honorable Court grant its Motion for Default Judgment as to Johnstown Pediatric, enter judgment in its favor as to Johnstown Pediatric, and declare that Princeton does not owe Johnstown Pediatric any duty to defend or any duty to indemnify with respect to the claims set forth in the Underlying Action

    Respectfully submitted,

    Houston Harbaugh, P.C.

    /s/ R. Brandon McCullough
    R. Brandon McCullough, Esq.
    Christopher M. Jacobs, Esq.
    Jason H. Peck, Esq.

    Houston Harbaugh, P.C
    Three Gateway Center

                     401 Liberty Avenue, 22nd Floor
                     Pittsburgh, PA 15222
                     (412) 281-5060
                     mcculloughb@hh-law.com
                     jacobscm@hh-law.com
                     peckjh@hh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT AS TO JOHNSTOWN PEDIATRIC ASSOCIATES, INC.** was electronically filed and is available for viewing and downloading from the ECF system and was sent to all parties and counsel of record this 27th day of February 2024, via electronic service through the ECF system and/or U.S. Mail as follows:

| Via ECF Service: | Via U.S. Mail: |
|---|---|
| Edward I. Levicoff, Esquire | Johnstown Pediatric Associates, Inc. |
| The Levicoff Law Firm. P.C. | c/o Joseph Sheridan, M.D. |
| 4 PPG Place, Suite 200 | 209 W. Seaspray Road |
| Pittsburgh, PA 15222 | Ocean City, NJ 08226 |
| ELevicoff@LevicoffLaw.com | |
| *(Counsel for Defendant Laurel Pediatric Associates, Inc.)* | **Via U.S. Mail:** |
| | Smart Communications/PADOC |
| | Johnnie W. Barto, M.D., Inmate #NU4531 |
| | P.O. Box 33028 |
| | St. Petersburg, FL 33733 |

Houston Harbaugh, P.C.

 /s/ R. Brandon McCullough
R. Brandon McCullough, Esq.
Christopher M. Jacobs, Esq.
Jason H. Peck, Esq.

Houston Harbaugh, P.C
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222

(412) 281-5060