IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE MEDICAL PROTECTIVE CO., <br> And PRINCETON INSURANCE CO. <br><br> Plaintiff/Counterclaim Defendant, <br> v. <br><br> LAUREL PEDIATRIC ASSOCIATES <br><br> Defendant/Counterclaim Plaintiff. | Civil No. 3:23-cv-00235 <br> Judge Stephanie Haines |

## ORDER OF COURT

AND NOW, this 30th day of September, 2024, for the reasons set forth in the foregoing Opinion, IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 32) is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that as to Counts I and II of the Complaint for Declaratory Judgment (ECF No. 1), the Motion for Judgment on the Pleadings (ECF No. 32) is DENIED; and

IT IS FURTHER ORDERED that as to Count III of the Complaint for Declaratory Judgment (ECF No. 1), the Motion for Judgment on the Pleadings (ECF No. 32) is GRANTED in part and DENIED in part.  MedPro is liable to defend Laurel but is not liable to indemnify Laurel in the Underlying Litigation; and

IT IS FURTHER ORDERED that as to Counts IV, V, VII, VIII, IX, and X of the Complaint for Declaratory Judgment (ECF No. 1), the Motion for Judgment on the Pleadings (ECF No. 32) is GRANTED; and

IT IS FURTHER ORDERED that the Cross Motion for Partial Summary Judgment (ECF No. 42) is GRANTED in part and DENIED in part.  Plaintiff Princeton Insurance Company is not liable to

defend or indemnify Defendant Laurel in the Underlying Litigation.[1] MedPro is liable to defend Laurel in the Underlying Litigation, but is not liable to indemnify Laurel in the Underlying Litigation.

The Clerk of Courts is to mark this case closed.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge

---

[1] The Court as clarification notes that it has denied the Motion for Judgment on the Pleadings as to Count II pertaining to Princeton's Policies including coverage of professional services. It found that Princeton's Policy covers the Underlying Litigation as to negligence claims for certain professional services. *However*, the Court also found that the exclusion for injury resulting from the performance of a criminal act applies at to Princeton for both indemnity and duty to defend. Therefore, Princeton is not liable to defend or indemnify Laurel in the Underlying Litigation.